**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Ralph Oxendine, | C.A No. 3:08-4036-CMC-PJG |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the court on Defendant United States of America's ("Government") motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report"). The Report recommends that the court grant the Government's motion to dismiss based on Plaintiff's failure to carry his burden of proof to show that his claims fall within the Federal Tort Claims Act's limited waiver of sovereign immunity but outside of the discretionary function exception. For the reasons set forth below, the court adopts the Report in full and dismisses this action.

On December 16, 2008, Plaintiff filed this environmental tort action against the Government. *See* Dkt. No. 1. Plaintiff asserts claims of negligence, recklessness, and willfulness; trespass; and strict liability for an ultrahazardous activity. *Id.* Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. *Id.* at ¶ 4.

On March 13, 2009, the Government moved to dismiss all of Plaintiff's claims for lack of subject matter jurisdiction under the Federal Tort Claims Act. *See* Dkt. No. 16. On October 15, 2009, after briefing on the motion, Dkt. No. 23, the Magistrate Judge issued her Report

recommending that the court grant the Government's motion to dismiss. *See* Dkt. No. 30.

This court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

To date, no party has filed an objection to the Report. The time for doing so expired on November 2, 2009. After careful review of the Complaint, the motion to dismiss, Plaintiff's response, and the Report, the court finds no clear error. Accordingly, the Report is adopted and incorporated by reference, and the Government's motion to dismiss, Dkt. No. 16, is **granted**. All claims against the Government are **dismissed with prejudice.**

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 9, 2009